■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Appellant. [748 NYS2d 245] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered April 27, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The circumstances of the drug transaction, and the reasonable inferences that could be drawn therefrom, provided the factual predicate for brief and limited background testimony regarding street-level narcotics operations which contained no suggestion of a large-scale conspiracy (*see People v Brown,* 97 NY2d 500, 506-507).

The challenged portions of the prosecutor's summation generally consisted of fair comment on the evidence in proper response to the defense summation, and did not deprive defendant of a fair trial (*see People v Overlee,* 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro,* 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GROSS, Appellant. [748 NYS2d 246] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered November 28, 2000, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 13 years to life and one year, respectively, unanimously affirmed.

The challenged portions of the prosecutor's summation remarks were fair comment on the evidence and were responsive to defendant's attacks on the victim's credibility (*see People v Overlee,* 236 AD2d 133, *lv denied* 91 NY2d 976). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.